UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.org

| | |
|---|---|
| **In re:** | Case No.: 6:15-bk-07397-CCJ |
| | Chapter 11 |
| **BUNKERS INTERNATIONAL CORP.,** | |
| | Jointly Administered[1] |
| Debtor. | |
| _____/ | |
| **ROBERT MORRISON, Liquidating Agent for BUNKERS INTERNATIONAL CORP.** | Adv. Case No.: |
| Plaintiff, | |
| v. | |
| **VAN-OIL PETROLEUM LTD.** | |
| Defendant. | |
| _____/ | |

## COMPLAINT TO AVOID PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547 AND TO RECOVER TRANSFERRED PROPERTY PURSUANT TO 11 U.S.C. § 550

Robert Morrison, as liquidating agent ("Liquidating Agent" or "Plaintiff") for Bunkers International Corp. ("Bunkers"), pursuant to 11 U.S.C. §§ 547 and 550 of the United States Bankruptcy Code and Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure, hereby sues Van-Oil Petroleum Ltd. ("Defendant"), to avoid and recover that certain preferential transfer described herein, and in support thereof, alleges that:

---

[1] Jointly-administered cases: Bunkers International, LLC, Case No: 6:15-bk-7397-CCJ; Americas Bunkering, LLC, Case No: 6:15-bk-7400-CCJ; Atlantic Gulf Bunkering, LLC, Case No: 6:15-bk-7402-CCJ; Dolphin Marine Fuels, LLC, Case No: 6:15-bk-7404-CCJ.

## Jurisdiction and Venue

1. The Court has subject-matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b), and 1334(e), and the Order of the United States District Court for the Middle District of Florida referring all cases and proceedings under the Bankruptcy Code in this District to the Bankruptcy Court.

2. This adversary proceeding is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(F).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## Parties and Procedural Background

4. On August 28, 2015 (the "Petition Date"), Bunkers filed its petition for relief under Chapter 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

5. On February 9, 2016, the Court entered its *Order Approving the Joint Plan of Liquidation, as Modified, submitted by Bunkers International Corp., Atlantic Gulf Bunkering, LLC, and Dolphin Marine Fuels, LLC*[2] (the "Confirmation Order"), pursuant to which it confirmed the Liquidating Debtors' Plan of Liquidation (the "Plan"). The Effective Date (as defined in the Plan) occurred on February 24, 2016. Pursuant to the Plan and the Confirmation Order, all retained assets and causes of action were channeled to the Liquidating Debtors to be asserted and prosecuted by Robert Morrison as the Liquidating Agent.

6. Through his investigation of the Liquidating Debtors' estates, the Liquidating Agent discovered that Defendant had received a transfer from Bunkers in the amount of $217,800.00 during the 90 days prior to the Petition Date (the "90 Day Transfer").

---

[2] Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC are collectively referred to herein as the "Liquidating Debtors."

7. On June 7, 2016, the Liquidating Agent sent a letter to the Defendant demanding the return of the 90 Day Transfer.

8. On September 30, 2016, the Liquidating Agent filed his Objection to Allowance of Claim No. 51 (Doc. No. 345) (the "Claim Objection") seeking disallowance of Defendant's general unsecured claim as it had failed to return the 90 Day Transfer in accordance with the Liquidating Agent's demand letter. Defendant responded to the Claim Objection on October 31, 2016 (Doc. No. 384) confirming that it had not paid any amounts to the Liquidating Agent on account of the 90 Day Transfer, and that it would be withdrawing its filed proof of claim. As of the date of the filing of this complaint, Defendant has failed to remit the 90 Day Transfer in accordance with the Liquidating Agent's demand and has not formally withdrawn its proof of claim in the Bunkers bankruptcy case.

## COUNT ONE – AVOIDANCE OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §547

9. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 – 8 hereof as if fully stated herein.

10. On or within 90 days before the Petition Date, that is, between May 29, 2015 and and August 28, 2015, Bunkers transferred its property to Defendant in an amount not less than $217,800.00 (the "90 Day Transfer"). Specifically, the Transfer was made by Bunkers to Defendant from its bank accounts on June 8, 2015. Attached hereto as **Exhibit A** and incorporated herein by reference is a detailed table containing information which is presently known to Plaintiff regarding the Transfer.

11. At the time of the Transfer, Defendant was a creditor of the Debtor within the meaning of 11 U.S.C. §101(10)(A), and had or claimed a right to payment on account of an obligation owed to the Defendant by Bunkers.

12. The Transfer was to or for the benefit of the Defendant within the meaning of 11 U.S.C. § 547(b)(1), as the Transfer reduced or fully satisfied a debt then owed by Bunkers to the Defendant.

13. Bunkers was insolvent at all times during the Preference Period, as the fair value of its assets was much less than the total amount of the debts it owed, detail of which is set forth in the various reports filed in the Bankruptcy Case.

14. In receiving the Transfer during the Preference Period, the Defendant received more than the Defendant would have received if (a) Bunkers had filed its Bankruptcy Petition under Chapter 7 of the Bankruptcy Code; (b) the Transfer had not been made; and (c) the Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in its favor and against the Defendant on Count One as follows:

(a) Declaring that the Transfer is avoidable as a preference pursuant to 11 U.S.C. § 547(b); and

(b) Granting such other further relief as this Court deems just and equitable.

## COUNT TWO – RECOVERY OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. § 550

15. Plaintiff incorporates by reference the allegations set forth in paragraph 1- 14 hereof as if fully stated herein.

16. The Transfer, to the extent it is avoided pursuant to 11 U.S.C. § 547(b) may be recovered by the Liquidating Agent pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against the Defendant on Count Two as follows:

(a) Declaring that the Liquidating Agent may recover the Transfer from the Defendant pursuant to 11 U.S.C. § 550(a)(1);

(b) Ordering that the Defendant pay to the Liquidating Agent the aggregate amount of the Transfer, plus all interest that has accrued since the date that the Plaintiff demanded a return of the Transfer; and

(c) Granting such other and further relief as this Court deems just and equitable.

### Reservation of Right to Amend

During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. As such, Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the Transfer, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, and/or (iv) additional defendants, that may become known and to request that the Amendments relate back to this original Complaint.

**RESPECTFULLY SUBMITTED** this 6th day of February 2017.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No. 984469
Mariane L. Dorris, Esq.
Florida Bar No. 0173665
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
**Latham, Shuker, Eden & Beaudine, LLP**
111 N. Magnolia Ave., Suite 1400
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
rshuker@lseblaw.com
mdorris@lseblaw.com
dvelasquez@lseblaw.com
bknotice1@lseblaw.com
*Attorneys for Robert Morrison, as Liquidating Agent for Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels*

# EXHIBIT A

| Payor | Payee/Vendor | Check No. | Payment Date | Invoice Date | Amount Paid |
|---|---|---|---|---|---|
| BUNKERS INTL. | Van-Oil Petroleum Ltd. | 23290 | 06/08/2015 | 04/22/2015 | $217,800.00 |